IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL HENDRICKS,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN BOHM, LISA DRAPER,<br>SERGEANT PETERS,<br>JOHN AND OR JANE DOE,<br>ALL MEMBERS OF THE LIVINGSTON<br>COUNTY BOARD,<br><br>Defendants. | Case No.: 24-cv-01479 |

**REPLY IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, RYAN BOHM, LISA DRAPER, and DAVID PETERS, by and through their attorneys, Frank W. Ierulli, of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and submit their Reply in Support of the Motion for Summary Judgment for Plaintiff's Failure to Exhaust his Administrative Remedies.

**I.      INTRODUCTION**

The Plaintiff has conceded that he failed to follow all the steps required to exhaust his administrative remedies. The Plaintiff stated in his Response "he attempted to follow all steps required to exhaust the Administrative Remedies at the Livingston County Jail." (Doc. 21 at 7). However, Plaintiff's own exhibit, Exhibit 6b, shows that he knew and could properly comply with the grievance process by appealing in writing, with the number of the grievance he wished to appeal. (Doc. 22 at 8).

The Defendants' assert in their Motion for Summary Judgment that the Plaintiff did not properly exhaust his administrative remedies prior to filing this suit, thus the case must be dismissed. There is no dispute the law requires the Plaintiff must file complaints and appeals in

the place, and at the time, the prison's administrative rules require. There is no dispute the Jail has a grievance process for the resolution of complaints, and there is no dispute the Plaintiff failed to follow all steps required to exhaust the Administrative Remedies at the Livingston County Jail.

## II.   REPLY TO ADDITIONAL MATERIAL FACTS

The Response fails to comply with Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois. As such Defendant's numbered facts should be deemed admitted and summary judgment granted.

In an abundance of caution, the Defendants will reply to what could be considered an additional fact alleged by the Plaintiff.

A.   In Plaintiffs Statement of Disputed Factual Issues, he states "the following list of genuine issues of material fact." (Doc. 21 at 1).

   1.   Whether the Plaintiff asked for legal supplies.

**Defendants state that paragraph 1 is conceded to be material and undisputed.**

   2.   Whether the Plaintiff filed grievances and appeals about asking and being denied legal supplies.

**Defendants state that paragraph 2 is conceded to be material but is disputed. The Defendants admit that the Plaintiff has filed grievances but believe that he has failed to exhaust remedies pursuant to the jail's administrative rules. None of the Plaintiff's 21 grievances exhausted the four-step administrative process established by the Jail. "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.** *Pozo v. McCaughtry***, 286 F.3d 1022, 1025 (7th Cir. 2002). Defendants would rely on the Motion for Summary Judgment ("the Motion") and the supporting exhibits to support their claim. (Doc. 19, 19-1, 19-2 and 19-3).**

   3.   Whether the plaintiffs suffered injury because of the defendants actions.

**Defendants state that paragraph 3 is immaterial but disputed. Material facts, as defined by the local rule, "are only those facts which bear directly on the legal issue raised by the motion." Court's Local Rule 7.1(D)(1)(b). The basis of the Motion is that the Plaintiff has failed to exhaust his administrative remedies. Section 1997e(a) makes exhaustion of administrative remedies a precondition to filing suit. *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). To exhaust his administrative remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Pozo*, 286 F.3d at 1025. The Plaintiff's unsupported allegations of injury do not bear directly on the legal issue of whether the Plaintiff exhausted his administrative remedies raised by the Motion.**

    4.    Whether the plaintiff had non-frivolous cases that was [sic] harmed by defendants action.

**Defendants state that paragraph 4 is immaterial but disputed. As stated above, The Plaintiff's unsupported assertions that he had "non-frivolous cases" does not bear directly on the legal issue of whether the Plaintiff exhausted his administrative remedies raised by the Motion.**

    B.    In Plaintiffs Declaration in Opposition to Defendants' Motion for Summary Judgment, he makes numerous statements which could be considered additional facts. (Doc. 21 at 2-4).

    2.    The Livingston County Jail utilizes a kiosk system for all inmates to file inmate request, sick calls and grievances. There are no forms to file any type of appeals.

**Defendants state that paragraph 2 is material but is disputed. The Livingston County Jail utilizes a kiosk system for all inmates to file grievances. There is no new form to file an appeal. However, Plaintiff ignores that the appeals process specifically provides that an**

**appeal must be in writing, with the number of the grievance he wishes to appeal. (Doc 19-1, bates stamped LD 000008).**

**Plaintiff's own exhibit, Exhibit 6b, shows a proper Step 2 appeal filed by the Plaintiff. Exhibit 6b shows his appeal was in writing, addressed to the Jail Lieutenant, and included the number of the grievance he wished to appeal. No new form was needed to file an appeal. (Doc. 22 at 7).**

3. I have filed over 21 grievances concerning needing postage, paper and legal copies. Some of these have been answered by grievance officers.

**Defendants state that paragraph 3 is conceded to be material and undisputed.**

4. I have filed around 5 grievances concerning my outgoing legal mail being opened and returned. Some of these have been responded to.

**Defendants state that paragraph 4 is immaterial but undisputed. This is a new claim that was not raised in the Complaint. (Doc. 1).**

5. On Nov 5 2024 I sent a grievance concerning needing help mailing outgoing legal mail (see exhibit #1&2) Assistant Superintendant [sic] responded.

**Defendants state that paragraph 5 is immaterial but undisputed. This is a new claim that was not raised in the Complaint. (Doc. 1).**

6. On Nov 7 2024 because there is no tab on the kiosk for a inmate [sic] to file an appeal. I sent a letter to Superintendent Draper as a appeal [sic] on her decessions [sic] for denying me legal copies. Ms. Draper responded stating she is not required to provide legal copies (Exhibit #3).

**Defendants state that paragraph 6 is immaterial but disputed. Exhibit #3 is an Inmate Request Form, not a grievance form. The Jail has a grievance process for the resolution of**

complaints. The four-step process is found in the Livingston County Jail Handbook. (Doc. 19, 19-1).

Again, the Plaintiff shows his failure to comply with the grievance process. The Plaintiff must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Pozo*, 286 F.3d at 1025. The grievance process provides that if an inmate is dissatisfied with the resolution of his grievance given by the Jail Lieutenant, he may within 5 business days of receipt of the written notice, appeal in writing with the number of the grievance and the first level of appeal he wishes to appeal to the Jail Superintendent ("Step 3"). (Ex. 1, Draper Dec., bates stamped LD 000008). This communication via an Inmate Request Form to Superintendent Draper is outside the grievance process and has no number of the grievance he wished to appeal.

Finally, it must be noted that the Jail has a policy that inmates must pay for photocopies. However, the Jail does provide indigent inmates one free copy of legal documents.

      7.    On Nov 20 2024 because there is no tab on the kiosk for a inmate [sic] to file a appeal [sic] I sent a grievance. At the top of the grievance the letter says "I wrote a grievance on Nov 15, 2024. This was concerning legal copies and retaliation." I clearly then stated "I would like to appeal the choice that Ms. Spears (grievance office) made. Then Lieutenant Harmon responded. He stated "we are not copying things for free." (Exhibit #4).

Defendants state that paragraph 7 is material but disputed. Again, the Plaintiff shows his failure to comply with the grievance process. Unless an inmate completes the administrative process by following the rules established for that process, exhaustion has not occurred. *Pozo*, 286 F.3d at 1023. This communication is outside the proscribed grievance process, has no number of the grievance he wished to appeal and he failed to subsequently appeal to the Jail Superintendent. (Doc. 19, 19-1, bates stamped LD 000008).

8. By page #2 of the Livingston County Jail Handbook (Exhibit #5a) by the contents "Response to Grievance and Appealing a Grievance Response is on page #9" by (exhibit #5b) page 9 has no instruction for anything concerning grievances or appeals.

**Defendants state that paragraph 8 is immaterial and undisputed. The provisions regarding "Responses to Grievances and Appealing a Grievance Response" are on page 8 of the Livingston County Jail Handbook. (Doc. 19, 19-1, bates stamped LD 000008).**

9. Sgt David Peters is listed as a defendant. Several places in the motions the defendants have filed with the Court referred to defendant Peters as Joseph. This is clearly a mistake.

**Defendants state that paragraph 9 is immaterial and undisputed. This is a scrivener's error.**

10. I completed all aspect of the Livingston County Jails Administrative remedies internal grievance procedure. These administrative remedies is what Congress had in mind when they enacted the PLRA. See *Jones v. Bock* 549 U.S. 199, 218, 127 S.Ct. 910 (2007). "Compliance with the jails grievance, therefore, is all that is required internally to properly exhaust the PLRA."

**Defendants state that paragraph 10 is material but disputed. The Jail has a grievance process for the resolution of complaints. The four-step process is found in the Livingston County Jail Handbook. (Doc. 19, 19-1). The Plaintiff must file complaints and appeals in the place, and at the time, the prison's administrative rules require. *Pozo*, 286 F.3d at 1025. The Plaintiff must comply with the four-step process. He has failed to do so. Defendants have offered evidence demonstrating that Plaintiff failed to exhaust properly his administrative remedies. (Doc 19, 19-1, 19-2, 19-3). As the Plaintiff has stated above "[c]ompliance with the jails grievance [policy], therefore, is all that is required internally to properly exhaust the PLRA." He has failed to comply with the four-step grievance process.**

11. Contrary to defendant Draper's Affidavit, I did ask for legal supplies, after I was denied I filed several grievances. I then appealed that decision with Lieutenant Harmon. I also sent appeals to Superintendant [sic] Draper and Assistant Superintendent Martin about appealing grievances and the 3rd step process with Harmon. (Exhibit 6a&6b).

**Defendants state that paragraph 11 is immaterial and disputed. Exhibit 6 is a grievance dated December 17, 2024, nearly twenty days after the Complaint was filed and is thus does not bear directly on the legal issue raised by the Motion.**

### III. ARGUMENT

**A. Plaintiff concedes he failed to follow all steps required to exhaust the administrative remedies.**

There is no dispute the law requires the Plaintiff must file complaints and appeals in the place, and at the time, the prison's administrative rules require. The Plaintiff states, "he attempted to follow all steps required to exhaust the Administrative Remedies at the Livingston County Jail." (Doc. 21 at 7). This is a concession that he failed to follow all steps required to exhaust the administrative remedies.

To salvage his claim, he asserts he had reliable information by an Administrator that no remedies were available. This assertion is overbroad and misleading.

The Plaintiff first cites Exhibit 3, an Inmate Request Form as support for the position that no remedies were available. (Doc. 22 at 3). However, he only quotes a portion of the response from the Inmate Request Form, which must be noted is different from a grievance. In response to the Plaintiff's request for over 200 photocopies, Draper responded in relevant part, "I am not required to provide copies to you. I have provided you with an entire notebook of paper. You have time to make your own copies. Providing you with 200 copies is not reasonable." Draper did not

7

state she would not provide copies, just that she was not required to do so and his request was unreasonable.

The Plaintiff next cites Exhibit 4 as support for the position that no remedies were available. (Doc. 22 at 4). Again, he only quotes a portion of the response from Lt. Harmon. Lt. Harmon responded to the Plaintiff's grievance concerning legal copies, "[w]e charge for copies to be made, if you have the funds to pay for legal copies then we can make them for you. We are not copying things for free." Harmon did not state he would not provide copies, but rather the Plaintiff had to pay for the copies.

**B.    The Plaintiff's exhibits show he knew and could properly comply with the grievance process.**

Plaintiff's own exhibit, Exhibit 6b, which is dated after the Complaint was filed shows that he knew and could properly comply with the grievance process. (Doc. 22 at 8). A Step 2 appeal requires that "the inmate may appeal in writing, with the number of the grievance he wishes to appeal to the Jail Lieutenant." Exhibit 6b shows his appeal was in writing, addressed to the Jail Lieutenant, and included the number of the grievance he wished to appeal. No new form was needed to file an appeal. Plaintiff's exhibits show he knew and could properly comply with the grievance process if he chose to do so.

**C.    The Plaintiff's failed to comply with Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois.**

The Response fails to comply with Rule 7.1(D)(2)(b) of the Local Rules of the Central District of Illinois. Rule 7.1(D)(2)(b)(6) of the Local Rules of the Central District of Illinois provides, "[a] failure to respond to any numbered fact will be deemed an admission of fact." Defendants' Statement of Material Facts contains 30 numbered facts. (Doc. 19 at 2-6). The

Plaintiff has failed to respond to Defendants' Statement of Material Facts as required by rule. As such Defendant's numbered facts should be deemed admitted and summary judgement granted.

## IV.  CONCLUSION

Based on the foregoing, summary judgement should be granted in favor of the Defendants RYAN BOHM, LISA DRAPER, and DAVID PETERS and against the Plaintiff.

/s/ Frank W. Ierulli
Attorney for Defendants RYAN BOHM,
LISA DRAPER, and JOSEPH PETERS
IL ARDC #:  6211208
Heyl, Royster, Voelker & Allen, P.C.
300 Hamilton Blvd., P.O. Box 6199
Peoria, IL 61602
309.676.0400 Telephone
309.420.0402 Facsimile
fierulli@heylroyster.com

# **CERTIFICATE OF SERVICE**

      I hereby certify that on May 5, 2025, I electronically filed the foregoing Reply in Support of the Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system and mailed a copy to the following:

Michael Hendricks
Inmate 96260
844 W. Lincoln
Pontiac, IL 61764
*Plaintiff, Pro Se*

                                                 /s/ Frank W. Ierulli

45745553.1